UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERIBETH GHOST,<br><br>    Plaintiff,<br><br>v.,<br><br>VICTORY RECOVERY SERVICE, INC.,<br>FIRST RE-ACTION, INC., RS FINANCIAL<br>MANAGEMENT, LLC, JOHN A.<br>DeCARO, DANIELLE DeCARO,<br>CRAIG MANSFIELD, *&* DANIEL<br>J. FREGLETTE, MARK J. DAVIS, &<br>ANDREW SCHWARTZ,<br><br>    Defendants. | No. |

## Complaint

Meribeth Ghost files this complaint against Victory Recovery Services, Inc., First Re-Action, Inc., RS Financial Management, LLC, Mark J. Davis, John A. DeCaro, Danielle DeCaro, Craig Mansfield, and Daniel J. Freglette under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.3 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), arising from the illegal repossession of the plaintiff's car to collect a usurious loan.  The plaintiff makes the follow averments in support of this complaint:

1.     Meribeth Ghost is a citizen of the Commonwealth of Pennsylvania residing at 1446 Gibson Rd. Bensalem, PA.

2. During all of the events discussed in this complaint, Ms. Ghost was a citizen and resident of Pennsylvania.

3. Victory Recovery Services, Inc. ("Victory"), is a repossession company with a registered place of business at 4657 Thompson Mill Road, Buford, Georgia 30518. Victory repossesses vehicles on a national basis through the use of subcontractors. Exhibit P-1.

4. Mark J. Davis is the president of Victory and probably holds an ownership interest in the business. Exhibit P-1.

5. First Re-Action, Inc., is a corporation with a registered office address at 836 Longshore Ave. Philadelphia, PA 19111. Exhibit P-2.

6. Victory and First Re-Action are in the automobile repossession business, Exhibits P-1 & P-2, and qualify as debt collectors under the FDCPA, 15 U.S.C. § 1692a(6). The principal business of these entities is the collection of debts through the enforcement of security interests, and they use various instrumentalities of interstate commerce in the course of their businesses including motor vehicles (tow trucks), the internet, telephones, and the mail.

7. John A. DeCaro is reported to be the president of First Re-Action and is likely an owner of the business. Exhibit P-2.

8. Danielle DeCaro is reported to be the Secretary and Treasurer of First Re-Action and is probably also an owner of the business. Exhibit P-2.

9. Sovereign Lending Solutions, LLC ("Sovereign"), is a business entity chartered by the Lac Vieu Desert Band of Lake Superior Chippewa Indians and purports to

be immune from suit under the doctrine of tribal immunity. Sovereign is an unnamed co-conspirator with the other defendants in this case.

10. RS Financial Management, LLC ("RS Financial") is a business entity chartered in Delaware with an office at 500 NE Spanish River Boulevard, Suite 15, Boca Raton, FL 33431. Exhibit P-14.

11. RS Financial is believed to have a roll servicing loans issued by Sovereign Lending Solutions, Inc.

12. Andrew Schwartz a manager of RS Financial. Exhibit P-14.

13. Daniel J. Freglette is an individual believed to reside at 50 12th Street, Boca Raton, FL 33432.

14. Mr. Freglette is an agent of Sovereign and/or RS Financial working as a collections and repossession manager. Exhibit P-3.

15. Craig Mansfield is an individual residing at 1212 Veterans Drive, Traverse City, MI 49684.

16. Mr. Mansfield is believed to be employed by or associated with Sovereign as a manager.

17. Mr. Mansfield's signature appears on certain loan contracts issued by Sovereign. Exhibit P-4.

18. Federal jurisdiction over this complaint arises under 18 U.S.C. § 1964 (RICO), and 15 U.S.C. § 1692k(d) ("FDCPA"). Venue is appropriate in the Eastern District of Pennsylvania where the parties reside and all of the acts alleged in the complaint occurred.

## Background

19. In the spring of 2012, Ms. Ghost was the owner of a 1999 Mercedes ML 320 with 125,000 miles valued at $6,500.

20. The vehicle was titled, registered, and licensed in Pennsylvania.

21. Ms. Ghost kept the vehicle at her personal residence in Bensalem, Pennsylvania.

22. Ms. Ghost was in need of a personal loan, and borrowed $2,150 from Sovereign.

23. Sovereign is a known predatory lender that runs an on-line auto title loan operation under the name Title Loan America. Auto title loans are small personal loans that carry enormous triple digit interest rates secured by borrowers' cars. The loans are used to exploit people with poor credit and a crushing need for cash. Exhibit P-5.

24. Ms. Ghost contracted for the loan on-line from home in Pennsylvania. Every document she signed, whether on-line on via hard copy, was signed by Ms. Ghost in Pennsylvania.

25. Sovereign issued Ms. Ghost's loan at an annual interest rate of 215%. Exhibit P-6.

26. It is believed that the loan was payable in a balloon payment of $2,589 due in one month, but Sovereign would extend payment of the balloon each month Ms. Ghost made an interest payment.

27. The original loan agreement was available for Ms. Ghost to view and print in a single screen of a multi-screen automated on-line loan application process. Exhibit P-7.

28. Ms. Ghost did not printout her specific agreement, but it is believed to be identical to the form attached as Exhibit P-8, which was issued to another borrower at about the same time period.

29. At the time Ms. Ghost applied for the loan she executed a power of attorney that gave RS Financial authority to record a lien on the title to her car. Exhibit P-13.

30. After receiving the loan, Sovereign issued several renewal agreements to Ms. Ghost that confirmed the payment terms and interest rate. Exhibit P-6.

31. By March 2013, Ms. Ghost's account was current, Exhibit P-9, but she had only paid Sovereign monthly interest payments. From June 2012 to March 2013, Ms. Ghost paid Sovereign approximately $389 per month, for a total of about $3,501, but Sovereign continued to hold her liable for the entire principal balance of the loan.

32. On or about April 5, 2013, in an attempt to payoff the loan, Ms. Ghost paid Sovereign $2,100. Exhibit-10. With this payment, Sovereign received a total of $5,601 from Ms. Ghost.

33. Ms. Ghost believed that she had paid off the loan and demanded the return of her title.

34. Sovereign refused to return Ms. Ghost's title. Sovereign continued to insist that Ms. Ghost remained indebted, but Sovereign also refused to provide to Ms. Ghost with an accounting of the loan.

35. By September, 2013, Sovereign claimed that Ms. Ghost was liable for interest payments totaling $1,049, and repossessed her car. Exhibit P-11.

36. Defendant Daniel Freglette, acting in his capacity as collections and repossession manager for Sovereign or RS Financial, ordered, authorized, or ratified the repossession of Ms. Ghost's car. The purpose of the repossession was to collect usurious interest.

37. Victory Recovery Services, Inc., was hired to repossess Ms. Ghost's vehicle.

38. Victory subcontracted the repossession to First Re-Action, Inc., located in Philadelphia.

39. First Re-Action repossessed Ms. Ghost's car from the vicinity of her home in Bensalem Pennsylvania.

40. Following the repossession, First Re-Action forced Ms. Ghost to pay $25 for the return of her personal possessions from the car. Exhibit P-12.

41. As a result of these events, Ms. Ghost suffered injuries, including

    (a). The payment of usurious interest;

    (b). The loss of use, possession, and ownership of her motor vehicle;

    (c). The expenditure of funds on a new vehicle, including new finance charges to fund the purchase of the new vehicle;

(d).    Ms. Ghosts checking account became overdrawn with ACH withdraws of usurious interest payments causing her to become liable for additional fees and costs; and

(e).    Ms. Ghost suffered substantial emotional distress including but not limited to anxiety, fear, panic, shame, humiliation, frustration, and anger.

## Count I

42.    This count is against Victory and First Re-Action for violation of the FDCPA. All of the preceding paragraphs are incorporated by reference.

43.    Under 15 U.S.C. § 1692f(6)(A), the FDCPA prohibits debt collectors from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral.

44.    Victory and First Re-Action lacked a present right to repossess Ms. Ghost's car because:

(a).    It was illegal under Pennsylvania law, applicable to this transaction pursuant to *Cash America Net v. Commonwealth of Pennsylvania*, 607 Pa. 432, 8 A.3d 282, 295 (2010), to repossess Ms. Ghost's car to enforce the collection of interest calculated at 215%.

(b).    Under Pennsylvania law, 41 P.S. §§ 201, 408, 501 & 502, in the absence of a license, Sovereign was prohibited from charging more than 6% A.P.R., which would have yielded a monthly interest payment of $10.75 on a loan of $2,150.

(c).    Under Pennsylvania law, Ms. Ghost's loan was completely paid off months before her car was repossessed. In fact, the loan was overpaid.

45. Victory and First Re-Action failed to have procedures in place to guard against illegal repossessions in Pennsylvania to enforce usurious loans.

WHEREFORE, plaintiff requests the court to grant the following relief:

(a). An award of actual and statutory damages, including but not limited to compensation for the loss of her car, overpayment of interest, and emotional distress, along with attorney's fees and costs; and

(d). Any other relief that is just and appropriate.

## Count II

46. This count is against RS Financial for violation of the FCEUA, 73 P.S. § 2270.3 *et seq.* All of the preceding paragraphs are incorporated by reference.

47. RS Financial qualifies as either a creditor or debt collector under the FCEUA.

48. Plaintiff believe and therefore avers that RF Financial serviced the loan for Sovereign and collected usurious interest payment from Ms. Ghost.

49. Plaintiff believes and therefore avers that RS Financial held the lien on the title to Ms. Ghost's vehicle in its name in connection with her loan from Sovereign.

50. Plaintiff further believes and avers that RS Financial contracted with Victory for the repossession of Ms. Ghost's vehicle in Pennsylvania and gave the order for the vehicle to be repossessed.

51. RS Financial violated the FCUEA, 73 P.S. §§ 2270.4(a) or (b) by engaging in unfair or unconscionable means of debt collection, including but not limited to:

(a).    Ordering the repossession of Ms. Ghost's vehicle in Pennsylvania the absence of a valid right to possession; and

(b).    Collecting interest, fees and costs not allowed by law.

WHEREFORE, plaintiff requests the court to grant the following relief:

(a).    An award of actual and statutory damages, including but not limited to compensation for the loss of her car and overpayment of interest, along with attorney's fees and costs; and

(b).    Any other relief that is just and appropriate.

## Count III

52.    This count is against Craig Mansfield, Andrew Schwartz, Daniel J. Freglette, Mark J. Davis, John A. DeCaro, and Danielle DeCaro for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  All of the preceding paragraphs are incorporated by reference.

53.    Craig Mansfield, Andrew Schwartz, Daniel J. Freglette, Mark J. Davis, John A. DeCaro, and Danielle DeCaro are persons within the meaning of section 1962(c) as that term is defined in section 1961(3).

54.    Sovereign Lending Solutions, Inc., is an enterprise within the meaning of section 1962(c), as the term is defined in section 1961(4).

55.    RS Financial Management, LLC, is an enterprise within the meaning of section 1962(c), as the term is defined in section 1961(4).

56.    Victory is an enterprise within the meaning of section 1962(c), as the term is defined in section 1961(4).

57. First Re-Action is an enterprise within the meaning of section 1962(c), as the term is defined in section 1961(4).

58. Sovereign, RS Financial, Victory, and First Re-Action are associated with each other by one or more contracts related to the repossession of automobiles, including in particular contracts for the repossession of Ms. Ghost's vehicle.

59. The association of Sovereign, RS Financial, Victory, and First Re-Action in pursuit of the repossession of Ms. Ghost's vehicle constitutes an enterprise (the "Repossession Enterprise") within the meaning of section 1962(c), as the term is defined in section 1961(4).

60. Craig Mansfield, Daniel J. Freglette, and Andrew Schwartz are employed by or associated with Sovereign, RS Financial, or both. Specifically, Mr. Mansfield, Mr. Freglette, and Mr. Schwartz are agents of Sovereign or RS Financial responsible for creating and implementing Sovereign's practices and policies including it policy of extending unlawful debt to citizens of Pennsylvania.

61. Mr. Mansfield is believed to be responsible for Sovereign's overall lending policies and practices, including but not limited to the interest rates Sovereign charges as well as its decision to make loans to citizens of Pennsylvania and repossess cars in Pennsylvania.

62. Mr. Schwartz is believed to be responsible for the roll of RS Financial in the transaction, including but not limited to servicing Ms. Ghost's loan and ordering the repossession of her vehicle.

63. Mr. Freglette is believed to be responsible specifically for Sovereign's decision to repossess Ms. Ghost's vehicle to enforce the collection of unlawful debt.

64. Mark J. Davis is employed by or associated with Victory. Specifically, he is employed by Victory as an officer with multiple titles including CEO, CFO, and secretary. Exhibit P-1.

65. Mr. Davis made or ratified the decision to have Victory collect unlawful debt for Sovereign from borrowers in Pennsylvania, including in particular the repossession of Ms. Ghost's car.

66. John A. DeCaro and Danielle DeCaro are employed by or associated with First Re-Action; specifically John A. DeCaro is the president of First Re-Action and Danielle DeCaro is the treasurer and secretary of the corporation.

67. Mr. DeCaro and Ms. DeCaro are responsible for the decision for Fist Re-Action to collect unlawful debt in Pennsylvania. Specifically, they are responsible for First Re-Action repossessing Ms. Ghost's car to collect unlawful debt for Sovereign.

68. Sovereign is engaged in interstate commerce and uses instrumentalities of interstate commerce in its daily business activities. Specifically, Sovereign is chartered by an Indian tribe in Michigan with an office in Florida from which it makes loans over the internet to people throughout the United States.

69. In the present case, Sovereign made a loan to Ms. Ghost in Pennsylvania from its office in Florida with extensive use of the internet and the mail.

70. RS Financial is engaged in interstate commerce and uses instrumentalities of interstate commerce in its daily business activities. Specifically, RS Financial is chartered in Delaware and maintains an office in Florida.

71. In its capacity as a servicing agent for loans extended by Sovereign, RS Financial transacts business across state lines, including the collection of money from out of state borrowers as well as contracting for the repossession of vehicles across state lines. Specifically, in the present case, RS Financial, from its offices in Florida, collected money from Ms. Ghost in Pennsylvania and ordered the repossession of Ms. Ghost's vehicle in Pennsylvania.

72. Victory is engaged in interstate commerce and uses instrumentalities of interstate commerce in its daily business activities. Specifically, Victory is a citizen of Georgia and works for Sovereign, which is believed to be a citizen of Michigan. In this case, Victory was the prime contractor for a repossession that took place in Pennsylvania.

73. First Re-Action is engaged in interstate commerce and uses instrumentalities of interstate commerce in its daily business activities. Specifically, First Re-Action is a citizen of Pennsylvania but repossesses cars for out-of-state creditors. In this case, First Re-Action repossessed Ms. Ghost's car as a subcontractor for Victory to collect a debt for Sovereign.

74. The Repossession Enterprise created by the association of Sovereign, RS Financial, Victory, and First Re-Action is engaged in interstate commerce and uses instrumentalities of interstate commerce in its activities. In this case, the Repossession

Enterprise repossessed a car in Pennsylvania to pay a debt to Sovereign, a citizen of Michigan, which operates out of an office in Florida.

75. Mr. Mansfield, Mr. Schwartz, and Mr. Freglette conduct the affairs of Sovereign and RS Financial or participate in the affairs of Sovereign and RS Financial, directly or indirectly, through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c).

76. Specifically, Mr. Mansfield, Mr. Schwartz, and Mr. Freglette directed, approved, or ratified the collection of unlawful debt from Ms. Ghost by arranging for the repossession of her vehicle by the Repossession Enterprise.

77. Mark J. Davis conducts the affairs of Victory or participates in the affairs of Victory, directly or indirectly, through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c).

78. Specifically, Mr. Davis directed, approved, or ratified the collection of unlawful debt from Ms. Ghost by entering into a contract with Sovereign or RS Financial to repossess Ms. Ghost's vehicle, and then subcontracting with First Re-Action in Pennsylvania to perform the repossession.

79. Mr. DeCaro and Ms. DeCaro conduct the affairs of the First Re-Action or participate in the affairs of First Re-Action, directly or indirectly, through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c).

80. Specifically, Mr. DeCaro and Ms. DeCaro directed, approved, or ratified the collection of unlawful debt from Ms. Ghost by subcontracting with Victory to repossess her car for Sovereign or RS Financial.

81. Each of the individual defendants, Mark J. Davis, John A. DeCaro, Danielle DeCaro, Craig Mansfield, Andrew Schwartz and Daniel J. Freglette, conducted the affairs of the Repossession Enterprise or participated in the affairs of Repossession Enterprise, directly or indirectly, through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c). Specifically, these individuals arranged for the four business entities to enter into contractual relationships resulting in the formation of the Repossession Enterprise to accomplish the repossession of Ms. Ghost's car.

82. Each of the individual defendants conspired in violation of 18 U.S.C. § 1962(d) to conduct or participate in the affairs of one or more enterprises through the collection of unlawful debt.

83. Sovereign's loan to Ms. Ghost constitutes unlawful debt within the meaning of section 1962(c) as the term is defined in section 1961(6). Specifically, (a) a substantial portion of the loan is unenforceable under state usury law; (b) the loan was incurred in connection with the business of lending money at usurious rates of interest, and (c) the loan was issued at a rate of interest far in excess of twice the enforceable rate. 18 U.S.C. § 1961(6).

84. Ms. Ghost suffered damages as a result of the defendants' conduct. Specifically, Ms. Ghost lost possession of her automobile, was forced to pay usurious interest, had her checking account overdrawn by exorbitant ACH withdraws for usurious interest, had to expend funds on alternative transportation, and endured embarrassment, frustration, anger, fear and stress, as a result of being victimized by the defendants' loan sharking practices over a prolonged period.

WHEREFORE, Ms. Ghost requests relief as follows:

(a). An award of actual and treble damages against all of the individual defendants jointly and severally, in an amount sufficient to compensate Ms. Ghost for all of her losses;

(b). An award of attorney's fees and costs;

(c). Any other relief that is just and appropriate.

Respectfully submitted,

_____
Robert F. Salvin (RFS2522)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
215-300-2388
215-271-2820 (fax)
robert.salvin@outlook.com