```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MERIBETH GHOST                   :         CIVIL ACTION
                                 :
         v.                      :
                                 :
VICTORY RECOVERY                 :
SERVICE, INC., et al.            :         NO. 14-215
```

MEMORANDUM

Bartle, J.                                          April 17, 2014

Plaintiff Meribeth Ghost ("Ghost") brings this action against Victory Recovery Services, Inc., First Re-Action, Inc., RS Financial Management, LLC ("RS Financial"), Mark J. Davis, John A. DeCaro, Danielle DeCaro, Craig Mansfield ("Mansfield"), and Daniel J. Freglette under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. Ann. § 2270.1 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  She alleges an illegal collection on an auto title loan that Ghost obtained from Sovereign Lending Services, LLC ("SLS") at 215% interest.  SLS is a business entity chartered by the Lac Vieux Desert Band of Lake Superior Chippewa Indians and is not named as a defendant.  When Ghost did not repay the loan in question to SLS's satisfaction, SLS repossessed her automobile purportedly with the participation of the named defendants.

Now before the court is defendant Mansfield's motion to dismiss the complaint under Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(5) of the Federal Rules of Civil Procedure.

We begin with Mansfield's motion to dismiss the complaint against him under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.  Service of process is a requisite to the court's personal jurisdiction over a defendant and to any valid judgment entered against that party.  Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991).  "Effective service of process is therefore a prerequisite to proceeding further in a case" and must be decided at the outset.  Lampe, 952 F.2d at 701.

When a defendant challenges sufficiency of service in a motion to dismiss under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue."  Grant Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  That party must do so by a preponderance of the evidence using affidavits, depositions, and oral testimony.  State Farm Mut., Auto Ins. Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (quoting Villanova v. Solow, Civil Action No. 97–6684, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)).

According to the complaint, Mansfield is living and working in Michigan and is "employed by or associated with" SLS in

-2-

a management capacity.  Counsel for Ghost served the summons and complaint on Mansfield by certified mail, return receipt requested, restricted delivery upon the defendant's usual place of business, the Lac Vieux Desert Resort Casino in the town of Watersmeet, Michigan.  An individual named Beth Haapala signed the return receipt.  Ghost's attorney states in his Affidavit of Service that this individual is Mansfield's "authorized agent" without any further supporting evidence.

Mansfield first seeks dismissal of the complaint on the ground that service of process on him was improper under Rule 4(e) of the Federal Rules of Civil Procedure.  Under Rule 4 an individual may be served by, among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Id. at 4(e)(1).  Service in this case is therefore effective if it comports with either the laws of Pennsylvania, where this court sits, or with those of Michigan, where service was made.  Because Michigan's rules are no less restrictive than Pennsylvania's, we limit our discussion to service under the laws of the Commonwealth.  See Mich. Ct. R. 2.105.

Pennsylvania law permits service by mail on an out-of-state defendant.[1]  Pa. R. Civ. P. 404(2).  To accomplish service by

---

[1]  It also permits personal service and service by hand delivery "at any office or usual place of business of the defendant to

-3-

this method, "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Id. at 403.  When the named defendant does not sign a return receipt, the plaintiff must supply some proof that the individual who did so was an authorized agent of the defendant.  See Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991).  Our Court of Appeals "has expressly recognized that ... offering proof that a mail clerk or receptionist signed for the package 'offer[s] no proof that the signatures belong to the defendant's authorized agents.'" Furin v. Reese Teleservices, Inc., Civil Action No. 07-1542, 2008 WL 5068955, at *1 (E.D. Pa. Nov. 24, 2008) (quoting Lampe, 952 F.2d at 701); see also Ignition Media Grp., LLC v. Pantel Sys., Inc., Civil Action No. 07-439, 2007 WL 2728662, at *1 (E.D. Pa. Sept. 14, 2007).

In this case, Ghost attempted to serve process "by certified mail, return receipt, restricted delivery" to Mansfield at his "usual place of business" in Michigan.  The return receipt was signed by Beth Haapala, who according to Ghost's attorney is "Mr. Mansfield's authorized agent in accordance with postal regulations for restricted delivery mail."  As previously noted, other than these words, Ghost supplies no evidentiary basis to

---

his agent or to the person for the time being in charge thereof."  Pa. R. Civ. P. 402(a)(1); 402(a)(2)(iii).  Neither party suggests that these methods were used in the present action to attempt service on Mansfield.

explain the relationship between Beth Haapala and the defendant. She now urges that Haapala is indeed Mansfield's authorized agent because the note to Rule 403 of the Pennsylvania Rules of Civil Procedure explains that the U.S. Postal Service only permits restricted delivery mail to be delivered to "the addressee or his authorized agent." Pa. R. Civ. P. 403. Thus, since the Postal Service permitted Haapala to sign the return receipt, according to Ghost's line of thinking, Haapala must have been Mansfield's authorized agent.

We disagree. Were we to credit Ghost's argument, any individual who signs a return receipt would, from the mere fact of signing, be a defendant's authorized agent. This does not comport with the previous decisions of our Court of Appeals and our court, which require more. See, e.g., Lampe, 952 F.2d at 701; Furin, 2008 WL 5068955, at *1. Because Mansfield himself did not sign the return receipt, Ghost must come forward with evidence that the signing individual was his authorized agent. Lampe, 952 F.2d at 701. Other than a conclusory statement in the Affidavit of Service completed by her attorney, she has not done so. In sum, Ghost has not provided proof that Beth Haapala is Mansfield's authorized agent so as to make service sufficient in this action.[2] Consequently, service of process on Mansfield was improper.

---

[2] Mansfield has submitted a declaration from Beth Haapala stating that she "cannot be considered as an agent for service

When granting a motion under Rule 12(b)(5), a district court has "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). This discretion notwithstanding, "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." Umbenhauer, 969 F.2d at 30. We conclude that such a reasonable prospect exists that service may yet be obtained since Ghost at least knows where Mansfield lives and where he works.

We will quash service of process on Mansfield. The remainder of Mansfield's motion under Rules 12(b)(1) and 12(b)(2) will be denied as moot. Under Rule 4(m), Ghost has 120 days from the filing of the action properly to effectuate service on this defendant without further leave of court.

---

of process" of Ghost's complaint. Ghost insists that we may not consider this declaration because it does not comply with 28 U.S.C. § 1746. Our conclusion that Ghost has failed to meet her burden of proof regardless of Haapala's declaration forecloses the need to consider this issue.